**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.                                                                                             Civ. No. 09-952 WJ/RHS

GENESCO, INC., d/b/a JOURNEYS,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

THIS MATTER comes before the Court upon Plaintiff's Motion to Strike Certain Affirmative Defenses, filed March 18, 2010 **(Doc. 24)**. Having considered the parties' briefs and the applicable law, I deny Plaintiff's motion.

**Background**

The Equal Employment Opportunity Commission ("EEOC") brings this Title VII lawsuit against Defendant on behalf of Lauren Torres, Victoria Silva and other female employees of Defendant alleging retaliation and hostile work environment based on gender. Mr. Torres filed an Intervenor Complaint on April 16, 2010 (Doc. 34). Ms. Silva was not a named employee in the original complaint, but was added in the Plaintiff's First Amended Complaint.

**Discussion**

Plaintiff moves the Court to strike three affirmative defenses contained in Defendant's Answer to the First Amended Complaint. The defenses at issue are contained in ¶¶ 5, 6 and 13 of the Answer (Doc. 15) which assert the defenses of (1) waiver and equitable estoppel, (2)

unclean hands, and (3) "other additional defenses" to which Defendant claims it may be entitled to and for which it reserves the right to assert during the course of discovery. Plaintiff contends that these defenses are factually and legally insufficient, and are undefined without any specific relation to the allegations in this case.

**I.     Legal Standard**

Fed.R.Civ.P. Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions are disfavored and rarely granted "because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic. . . ." *Salazar v. Furrs, Inc.*, 629 F.Supp. 1403, 1411 (D.N.M. 1986). The court will usually deny a motion to strike "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Nwakpuda v. Falley's, Inc.*, 14 F.Supp.2d 1213, 1215 (D. Kan. 1998). In addition, "[i]f evidentiary facts are pleaded, and they aid in giving a full understanding of the complaint as a whole, they need not be stricken." *Id*. at 1215-16. The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case. *See e.g., United States v. Kramer*, 757 F.Supp. 397, 410 (D.N.J.1991). Although motions to strike are disfavored, they may be granted within the sound discretion of the district court. *F.D.I.C. v. Isham*, 782 F.Supp. 524, 530 (D.Colo.1992).

Plaintiff raises the question of what pleading standard applies to affirmative defenses, and urges the court to apply the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).[1] Since the

---

[1] Before 2007, the pleading standard for "claims for relief" was set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Under *Conley's* notice pleading standard, courts could grant

Supreme Court's decisions in *Twombly* and *Iqbal*, several courts have addressed whether the new pleading standard applies to affirmative defenses. The Tenth Circuit has not addressed this issue, and both parties recognize a disagreement among the district courts which have addressed the issue. Plaintiff relies on *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647 (D.Kan., 2009) which followed what it considered to be the majority of courts in applying the plausibility standard to the defendant's proffered affirmative defenses.[2] The court's basis for doing so was to afford an even-handed approach to affirmative defenses as well as claims:

> This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a "reasonably founded hope" of success, cannot be a pleading standard that applies only to plaintiffs. It must also apply to defendants in pleading affirmative defenses, otherwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge. . . Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a "reasonably founded hope" of success.

263 F.R.D. at 650, 2009 WL 5171779, 2.

Defendant relies on *Holdbrook v. Saia Motor Freight Line, LLC*, unpubl. opin., 2010 WL 865380, at * 2 (D. Colo. Mar. 8, 2010) (citations omitted) (emphasis added), which is attached to

---

motions to dismiss a claim for relief only when "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." In 2007, the Supreme Court, in *Bell Atlantic Corp. v. Twombly*, departed from the *Conley* standard and introduced the plausibility standard. Under *Twombly*, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." The Court further described the pleading specificity standard, stating that a pleading "does not need detailed factual allegations," but does need to provide the grounds for entitlement to relief and requires "more than labels and conclusions." Subsequently in 2009, in *Ashcroft v. Iqbal*, the Supreme Court clarified that the *Twombly* decision was based on its interpretation and application of Fed.R.Civ.P. 8, which governs the pleading standard in all civil actions.

   [2] *See* 263 F.R.D. at 650, n. 14 & 15 for that court's collection of district courts that have approved the heightened pleading standard for affirmative defenses and those that have not.

the Response.  *Holdbrook* also recognized the difference of opinion among district courts on this question whether the pleading requirements of *Twombley* and *Iqbal* should extend to affirmative defenses.  However, *Holdbrook* concluded that the "better-reasoned approach" was the one taken by district courts that have declined to extend that standard.

After considering the basis for both schools of thought, I agree with the conclusion reached by the District of Colorado in *Holdbrook* because that approach makes better legal and common sense.  First, because the analysis and holdings in *Iqbal* and *Twombly* are limited to Rule 8(a) which addresses "claims for relief," I see no reason to extend the reasoning in those cases to Rule 8(c), which addresses "affirmative defenses." Nor do I see a reason to be evenhanded regarding claims and affirmative defenses. The latter provision requires only that a defendant "affirmatively state" those defenses, whereas a claim for relief must comport with the specific parameters set out in the rule and interpreted by case law.  *See, e.g.*, *First Nat'l Ins. Co. of America v. Camps Servs., Ltd.*, unpubl. opin., 2009 WL 22861 (E. D. Mich. Jan. 5, 2009) (denying motion to strike affirmative defenses and noting the difference in language and requirements in Rule 8(a) and Rule 8(c)).

Second, as the court in *Holdbrook* noted, the "disfavored status" of motions to strike militate against extending to them a standard which would in effect lower the bar in granting such relief.  Third, notions of basic fairness play a part in my declining to extend a heightened pleading standard to Rule 8(c).  A plaintiff has months – perhaps years – in which to develop facts prior to initiating a lawsuit, where a defendant has only 21 days to draft and file an answer. If Defendant in this case did in fact have some time in which to develop its defenses during the initial EEOC investigation (as Plaintiff notes in its Reply at pages 5-6), it is immaterial to whether there is a legal basis for applying the *Twombly* and *Iqbal* standard as a general rule to

the pleading of affirmative defenses.  Fourth, Defendant risks losing the right to assert affirmative defenses if not asserted in its Answer.  *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) (noting rule that a party waives its right to raise an affirmative defense at trial when the party fails to raise the defense in its pleadings).  It is a practical certainty that, if Defendant were to wait until such time that a more complete evidentiary basis for these defenses surfaced through discovery, Plaintiff would waste no time in arguing waiver.

Defendant should not be constrained in pursuing a defense strategy, which includes the assertion of affirmative defenses, by application of a heightened standard which is not required by Tenth Circuit precedent and which appears to be inappropriate.  Thus, I decline to apply the *Twombly* and *Iqbal* standard to Rule 8(c) of the Federal Rules of Criminal Procedure and to the pleading of affirmative defenses listed in the Answer to the First Amended Complaint.

**II.     Analysis**

The only remaining question is whether each of the affirmative defenses asserted by Defendant (waiver and estoppel, unclean hands and "reserved affirmative defenses") should be stricken because they are factually and legally insufficient.

A.     <u>Waiver / Estoppel and Unclean Hands</u>

There has been some initial investigation in this case which has produced evidence not before the Court at this stage in the litigation, leading to information about this lawsuit not contained solely in the pleadings and which Plaintiff has not shared with this Court.[3]  According

---

[3] There is, for example, Defendant's "position statement" dated May 9, 2008 with attachments including witness statements and which was made available to the EEOC. Defendant is willing to produce that statement to the Court if necessary.  Doc. 26 at 5, n.2. However, there is no need to take up Defendant's offer because I agree with Defendant that if

to Defendant, this information suggests the existence of a romantic relationship between Lauren Torres and the alleged sexual aggressor, and of a less-than-cooperative attitude toward the investigation on the part of Ms. Torres and her mother.  Plaintiff's opinion of the relative strengths or weaknesses of the affirmative defenses does not factor into whether Defendant should be allowed to assert and pursue them at this point.  Defendant will eventually be held to the task of proving these defenses.  *See Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 467 (5th Cir. 2001).

Plaintiff also claims that as a governmental agency that serves a public interest, it is somehow exempt from an assertion of equitable estoppel.  Doc. 32 at 2.  In support of this proposition, Plaintiff cites to a Tenth Circuit case which held that in order to assert equitable estoppel against the government, the party seeking relief must show that the government exhibited affirmative misconduct.  *See*, *Bd. of County Comm'rs of County of Adams v. Isaac*, 18 F.3d 1492, 1499 (10th Cir. 1994).  However, *Adams* involved a review of an administrative order issued by the Federal Aviation Administration, including all the evidence contained in the record.  Thus, that case does not provide a legal basis for striking Defendant's affirmative defenses for failure to show such affirmative misconduct in an Answer and at the inception of the lawsuit, prior to formal discovery.  Further, while the EEOC is the named Plaintiff in this lawsuit, there is no doubt that the equitable defenses asserted by Defendant are based on the conduct of "Loren Torres,[4] Victoria Silva, or any other person" on whose behalf this lawsuit is brought. Doc. 15 at 3.  Thus, Plaintiff cannot eliminate or avoid the assertion of affirmative

---

Plaintiff is claiming prejudice from the assertion of the affirmative defenses, Plaintiff has the burden  to show such prejudice.

[4] Loren is spelled "Lauren" elsewhere in the pleadings.

defenses solely on the ground that it is virtually unassailable as a governmental agency serving the public interest.

B.     Reservation of Right to Assert "Other Additional Defenses"

Plaintiff's objection to Defendant's reservation of the right to assert other additional defenses is really "much ado about nothing." Plaintiff cites to a few courts which have been tasked with the question and which have found that such a reservation is a useless assertion. *See*, *e.g.*, *Messick v. Patrol Helicopters, Inc*., 2007 WL 2484957, 4 (D.Mont. 2007) (finding that "the reservation of affirmative defenses injects ambiguity into the pleadings"); *Kelley v. Thomas Solvent Co*., 714 F.Supp. 1439, 1452 (W.D.Mich.,1989) (reservation of right to assert additional defenses "serves no function. . . ."); *Davis v. Shawnee Mission Medical Center, Inc*., unpubl. opin. 2008 WL 4758591, *8, n.8 (D.Kan. 2008) (noting that the Federal Rules of Civil Procedure do not recognize a "preservation" of the right to assert other additional defenses and thus such an assertion has no bearing on the court's analysis).  However, I do not consider these cases to be precedent which would require (or even strongly persuade) a court to strike a defendant's reservation of the right to assert other additional defenses in an answer.

In fact, there is really no "right" answer to this question. No prejudice or benefit inures to either party whether or not the assertion is stricken. If it is stricken, nothing prevents the Defendant from seeking timely leave of Court to amend the Answer to include affirmative defenses that conform to discovery. If not stricken, the assertion will have no practical effect on the proceedings, and will simply disappear into litigation wasteland by the time a Pretrial Order is in place. Allowing the "reservation of right" assertion in the Answer does not give Defendant unbridled license to include whatever additional defenses in its Answer whenever it decides to do so. Defendant would still need to file a timely motion seeking leave of Court to assert

additional defenses which are viable and which do not prejudice Plaintiff.[5]  Therefore, Plaintiff's motion to strike is denied on this basis as well.

C.     Whether Plaintiff is Prejudiced

Plaintiff claims prejudice if the affirmative defenses in ¶¶ 5, 6 and 13 are not stricken. On the contrary, I find that Plaintiff would be prejudiced without adequate notice of the defenses on which Defendant intends to proceed. *See, e.g., In re Sterten*, 546 F.3d 278, 285 (3d Cir. 2008) ("[t]he purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed."); *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir.2002) (pleading of affirmative defenses is required to prevent unfair surprise).

Plaintiff's contention that it "will be forced to waste money and resources" against Defendant's vague, insufficient and meaningless defenses has no merit.  *See* Doc. 24 at 10. The Court does not agree with Plaintiff's characterization of the asserted affirmative defenses. Moreover, I am sure that Defendant is of the view that it will be forced to "waste" its own money and resources in defending this lawsuit.  The EEOC is familiar with the costs (both financial and otherwise) of litigation, and should fully expect the parties it sues to vigorously defend against claims made against them – which they have every right to do.

**THEREFORE,**

---

[5] Plaintiff voices an unfounded concern that Defendant would amend the Answer without leave of Court.  Defendant has assured Plaintiff as well as the Court that it intends to file the appropriate motion if and when seeks to amend its answer to include other affirmative defenses. Doc. 26 at 6-7.  Moreover, I have a habit of striking pleadings filed when leave of court is required but not obtained.

**IT IS ORDERED** that Plaintiff's Motion to Strike Certain Affirmative Defenses **(Doc. 24)** is DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE