IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

and                                        Civ. No. 09-952 WJ/RHS

LAUREN TORRES,

       Plaintiff-In-Intervention

vs.

GENESCO INC., d/b/a JOURNEYS,

       Defendant.

**ORDER GRANTING DEFENDANT GENESCO, INC.'S**
**MOTION TO COMPEL PLAINTIFF-IN-INTERVENTION**
**TO EXECUTE RELEASES FOR SOCIAL NETWORKING WEBSITES**

      **THIS MATTER** comes before the Court on Defendant Genesco, Inc.'s Motion to

Compel Plaintiff-in-Intervention to Execute Releases for Social Networking Websites [docket

no. 65].  The Court has now reviewed and considered the subject motion and the response

thereto (docket no. 74) as well as Movant's reply (docket no. 81).  In addition, the Court has

taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil

Procedure and case law.  The Court now concludes the motion to be well-taken and should be

granted.

      In the instant lawsuit, Plaintiff-in-Intervention claims that she suffered emotional

damages as a result of alleged sexual harassment by one of Defendant Genesco's employees.  In

her deposition, the Plaintiff-in-Intervention testified that her depression involved a loss of

interest in socializing, a loss of interest in being around people, a hard time talking to people, a

loss of trust in men and not dating since January, 2008 (see Motion to Compel, docket no. 65, at

pages 2-3).  Plaintiff has placed these specific allegations relative to her claim of emotional

distress squarely before the Court and therefore subject to discovery.

       Plaintiff-in-Intervention does not contest the relevance of the discovery being sought but

objects to being required to sign waivers which would allow Defendant Genesco access to

various internet website domains.  The Court has considered Plaintiff-in-Intervention's

objections to execution of these waivers and has elected to grant discovery by Defendant

Genesco in a manner set forth herein.

       **IT IS THEREFORE ORDERED** that Defendant Genesco, Inc.'s Motion to Compel

Plaintiff-in-Intervention to Execute Releases for Social Networking Websites [docket no. 65] is

hereby granted as follows:

       1.  On or before October 15, 2010, Plaintiff-in-Intervention shall provide counsel for

Defendant Genesco with three (3) dates at which time she will be available at her attorney's

office for the purpose of opening each of the social networking websites which are the subject of

this motion.  Plaintiff-in-Intervention is not required to provide defense counsel with any of her

personal access codes used for the purpose of opening these websites.  Upon the opening of each

website, counsel for both parties shall be allowed to have unrestricted visual access thereto for

the limited purpose of determining whether any of the contents of these websites contains

information relative to Plaintiff-in-Intervention's claims of emotional distress.

       2.  In the event any or all of the social networking websites contain information relevant

to Plaintiff-in-Intervention's claims for damages, counsel for the parties shall discuss whether or

not that information can be either printed, downloaded onto a removable media, or otherwise

reproduced for use in discovery in this case. They shall also discuss whether or not it is appropriate for the Court to enter a confidentiality order. In the event counsel cannot agree as to whether the information contained in the social networking websites is relevant, all of the contents shall be printed or appropriately downloaded to a removable media and kept in the possession of counsel for Plaintiff-in-Intervention until such time as the Court may rule upon whether it is or is not discoverable.

3. Immediately upon the entry of this Order, Plaintiff-in-Intervention is ordered not to delete or modify any of the information contained in her personal social networking websites until further Order of this Court.

4. The review of the websites by counsel for the parties shall be completed on or before November 30, 2010.

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE