# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

      v.                                                                                         No.  09-cv-952 WJ/RHS

GENESCO, INC., d/b/a JOURNEY'S,

       Defendant,

   and

LAUREN TORRES,

       Plaintiff-in-Intervention,

      v.

GENESCO, INC., d/b/a JOURNEY'S

       Defendant.

## MEMORANDUM OPINION AND ORDER DEFERRING RULING ON DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE, and ORDERING PLAINTIFF-IN-INTERVENTION TO SERVE SUBPOENA AND RELEASE

THIS MATTER comes before the Court upon Defendant's Motion for Order to Show Cause, filed December 1, 2010 **(Doc. 91)**.  Defendant seeks an order dismissing Plaintiff's claims for emotional distress for failing to comply with the Court's October 1, 2010 Order requiring the disclosure of certain information pertaining to social networking sites.  Having considered the parties' briefs and the applicable law, I shall defer ruling on Defendant's motion, pending the service of a subpoena and release on MySpace and production of IP logs which are provided as a result of the subpoena and release, to Defendant.

**Background**

This lawsuit, filed in September 2009, alleges sexual harassment by one of Defendant Genesco's employees. Plaintiff EEOC seeks emotional distress damages for Ms. Torres, who is the Plaintiff-in-Intervention in this case. A consideration of the instant motion involves the question of whether Ms. Torres satisfactorily complied with a previous Order entered by the Court. In April 20, 2010, Genesco took Ms. Torres' deposition, during which Ms. Torres revealed that she had a MySpace account since 2006. When Ms. Torres' refused to voluntarily provide releases to MySpace and other social networking sites to which she had accounts, Defendant filed a motion to compel her to execute releases for those websites. On October 1, 2010, Magistrate Judge Robert H. Scott granted Defendant's motion:

> . . . [T]he Plaintiff in-Intervention claims that she suffered emotional damages as a result of alleged sexual harassment by one of Defendant Genesco's employees. In her deposition, the Plaintiff-in- Intervention testified that her depression involved a loss of interest in socializing, a loss of interest in being around people, a hard time talking to people, a loss of trust in men and not dating since January, 2008 (see Motion to Compel, docket no. 65, at pages 2-3). Plaintiff has placed these specific allegations relative to her claim of emotional distress squarely before the Court and therefore subject to discovery.

Doc. 83 at 1-2 ("October 2010 Order").

Judge Scott set out a procedure which would provide defense counsel with the requested discovery information but at the same time avoid the release of Ms. Torres' password and log-in information. In accordance with the procedure set forth in that Order, the parties scheduled and attended a meeting at the office of counsel for Ms. Torres on November 10, 2010. At that meeting, Ms. Torres opened her Facebook and Twitter accounts but said that she was not able to open her MySpace account. Subsequently, defense counsel requested that Ms. Torres contact MySpace and see if she could obtain the information necessary to log on to her account. Counsel

for Ms. Torres advised defense counsel that Ms. Torres contacted a MySpace representative but was unable to obtain access because Ms. Torres' account had been inactive for a while and had been deleted in September 2010.  Plaintiff presents evidence in the form of declarations that Ms. Torres' MySpace account could not be reinstated and that once an account was deleted the material content of that site was categorically no longer retrievable.  Docs. 102-3 & 102-4.  Also, according to e-mail correspondence from MySpace's customer operations, federal law allows MySpace to produce basic subscriber information and IP logs for a user's account in response to a legal request.  Doc. 102-1.  However, MySpace cannot lawfully produce contents of a user's stored content files, which include friend lists, photos, blogs and private mail messages; for that, consent is required from the MySpace owner accompanied by a subpoena.

    Plaintiff clearly would like this issue to end here, with the representation that Ms. Torres' MySpace account is lost forever in the ether.  While this may be how Defendant's motion to compel ultimately resolves, right now it appears that there may be more to this issue than Plaintiff suggests, for several reasons.  First, there is no documentation from MySpace regarding specifically what happened to Ms. Torres' account, or exactly how it came to be "deleted."  The e-mail from MySpace's customer operations describes its generic data retention policy on deleted profiles, but nowhere does it explain the circumstances of Ms. Torres' inability to access her account.  Nor is there any certainty that Ms. Torres' MySpace account is in fact deleted and not accessible via her consent and subpoena.  Second – and perhaps more disturbing – is Defendant's contention which is reminiscent of that famous passage from Act I in *Hamlet* insinuating that something is not quite right.[1]  There is evidence suggesting that Ms. Torres

---

[1] *See* Hamlet, Act I, Scene 4, line 90: "Something is rotten in the state of Denmark."

herself may be responsible for the inaccessibility of her account: MySpace represents that it does not delete account without the user's request to do so.  *See* Ex. A-1 (Doc. 104-2) ("We do not delete an account for inactivity [unless the] user contacted us and requested the profile to be removed.").  I also find it curious that there is no affidavit or declaration by Ms. Torres herself regarding the circumstances surrounding the deletion of her MySpace account, which would assuage Defendant's suspicions that she herself requested the deletion.

Plaintiff urges the Court to find that the relief requested by Defendant (dismissal of the emotional distress claims) is draconian, given that it is virtually impossible for Ms. Torres to comply with the Court's October 2010 Order now that her MySpace account has been deleted.  At this point, it is impossible to determine whether dismissal of Plaintiff's emotional distress claims is totally unwarranted – or whether it is not severe enough. By the time Defendant filed its motion to compel in August 2010, Defendant had been trying to get information about Ms. Torres' social website accounts for months.  At the time Defendant filed its Order to Show Cause on December 1, 2010, its only concern was Ms. Torres' compliance with the Court's October 2010 Order.  Defendant had been given no reason to believe that Ms. Torres had deleted her MySpace account in September 2010.  More serious issues are at stake now.

The Court will proceed in the manner suggested by Defendant.  Plaintiffs concede that MySpace still maintains registration information and IP logs for a user's account, which would hopefully provide insight into how Ms. Torres' account came to be deleted.  Therefore, Ms. Torres is ordered to serve the appropriate documents, that is, a subpoena and release, on MySpace, in order to obtain the IP log, and then produce the log to Genesco.  In the event that the account is not deleted, Ms. Torres is also required to provide defense counsel with written consent to allow access to her MySpace stored content files, such as friend lists, photos, blogs

4

and private mail messages. This reflects the express requirements as well as the intent of the Court's October 2010 Order. The deadline for Ms. Torres to serve the documents on MySpace, as well as to provide written consent to access other materials protected from disclosure, is Friday, March 4, 2011.

Plaintiff has made serious allegations against Defendant in this lawsuit. The Court takes these allegations seriously, as it does Defendant's right to defend against these allegations. In any case, parties are expected to abide by the federal rules of civil procedure, and comply with any Court Orders that issue. The Court defers ruling on whether sanctions are warranted in this case, and if so, what the severity of those sanctions will be, pending future developments. Since Defendant is the movant, Defendant shall apprise the Court after the March 4th deadline of the status of these developments. Defendant may request further briefing at that time as well, including the issue of whether sanctions are appropriate.

**THEREFORE,**

**IT IS ORDERED** that ruling is DEFERRED on Defendant's Motion for Order to Show Cause (**Doc. 91**);

**IT IS FURTHER ORDERED** that **on or before FRIDAY, MARCH 4, 2011**, Ms. Torres shall serve a subpoena and release on MySpace in order to obtain the IP log and produce it to Defendant Genesco. In the event that the account is not deleted, Ms. Torres is also required to provide defense counsel with written consent to allow access to other materials protected from disclosure on MySpace, including private mail messages, friend lists, photos and blogs;

**IT IS FINALLY ORDERED** that Defendant shall apprise the Court after the March 4th deadline of the status of these developments.

_____
UNITED STATES DISTRICT JUDGE