IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

    v.                                      No.  09-CV-952 WJ/RHS

GENESCO, INC., d/b/a JOURNEYS,

        Defendant,

    and

LAUREN TORRES,

        Plaintiff-in-Intervention,

    v.

GENESCO, INC., d/b/a JOURNEYS,

        Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT ON
CLAIMS OF HOSTILE WORK ENVIRONMENT REGARDING
LAUREN TORRES AND OF NEGLIGENT SUPERVISION AND RETENTION**

THIS MATTER comes before the Court on Defendant's Motion for Partial Summary Judgment on Plaintiffs' Claims of Hostile Work Environment Regarding Lauren Torres and of Negligent Supervision and Retention (Doc. 98). Defendant Genesco, Inc. ("Genesco") moves for summary judgment on: (1) the claims brought by Plaintiff-in-Intervention, Lauren Torres, alleging that Torres was subject to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Mexico Human Rights Act ("NMHRA"); (2) the claims the EEOC brings on behalf of Lauren Torres alleging hostile work environment in violation of Title VII; and (3) the claims brought by Plaintiff-in-Intervention alleging negligent

supervision and retention. For the reasons explained below, the Court finds that the motion is well taken and shall be granted.

## BACKGROUND

### I. Procedural History

The Equal Employment Opportunity Commission ("EEOC") brings this Title VII lawsuit against Defendant Genesco, a Tennessee corporation doing business in New Mexico, on behalf of female employees of Defendant alleging retaliation and hostile work environment based on gender. Lauren Torres was the only named employee class member in the original complaint (Doc. 1). Victoria Silva was added as a class member in the EEOC's Amended Complaint (Doc. 12). In discovery, the EEOC disclosed Maria Martinez and Cassandra Brito as additional "class members." The EEOC has since withdrawn its designation of Brito as a putative class member. The Court has dismissed claims the brought on behalf of Maria Martinez (Doc. 149) and Victoria Silva (Doc. 150), because there was no dispute of material fact as to whether Genesco can be held liable for the hostile work environment created by its employees. As a result, Torres is the only remaining member of the class of female employees in this lawsuit. In the instant motion, Genesco moves for summary judgment on the hostile work environment claims brought on Torres' behalf.

Torres filed an Intervenor Complaint on April 16, 2010 (Doc. 34). In her complaint, Torres alleges that she was sexually harassed by a supervisor, Adrian Marquez, in December 2007 and January 2008 during the course of her employment with Genesco. The Court has dismissed Counts IV though VII of the complaint-in-intervention (Doc. 148) because Genesco cannot be held liable for the intentional torts of its employee, Marquez. The remaining counts are Count I (hostile work environment in violation of Title VII and NMHRA); Count II (retaliation in violation of Title VII and NMHRA); and Count III (negligent supervision and retention).

2

Genesco moves for summary judgment on Counts I and III. Torres has filed a response to the motion insofar as it pertains to Count III (Doc. 114). Count I mirrors the allegations the EEOC brings on Torres' behalf, and the EEOC has responded to Genesco's motion for summary judgment on that claim (Doc. 119). Genesco has filed one reply in support of its motion (Doc. 137).

For purposes of this motion, Genesco does not contest that the harassment Torres experienced amounted to a hostile work environment. Rather, Genesco argues that it cannot be held liable for that hostile work environment because it is entitled to an affirmative defense in that it had reasonable procedures in place to correct and prevent sexual harassment and Torres unreasonably failed to follow those procedures. The EEOC, in its response, argues that Genesco cannot establish the elements of the affirmative defense and that, in any case, Genesco should still be held liable for its negligence in responding to the hostile work environment. In reply, Genesco argues that negligence principles do not render it liable under Title VII either, because Genesco had no notice that Torres was subjected to harassment.[1]

## II.     Factual History

For the purposes of this motion, the undisputed material facts are as follows. Lauren Torres began working in December 2007 at Journeys, a retail shoe store owned by Genesco.

---

[1] The EEOC correctly notes that Genesco's motion does not deal with a negligence theory, but rather is based entirely on the affirmative defense which is applicable only to vicarious liability claims under Title VII and not negligence claims. However, the complaint is completely void of any references to the legal theory EEOC intends to pursue to render Genesco liable for the hostile work environment created by its employee. Paragraph 7(d) of the complaint alleges simply that management at Genesco was "aware" of Marquez' harassment and had "received complaints" from Torres about the harassment. Doc. 12 at 4. These allegations apply equally to a negligence theory and a vicarious liability theory. It is therefore unreasonable to expect, as the EEOC seems to have done, that Genesco would anticipate that the EEOC would be bringing a hostile work environment claim under a negligence theory. The issue is adequately briefed in the EEOC's response and Genesco's reply and the Court will rule on it herein.

Adrian Marquez was a co-manager of this store, whose duties included selling shoes and accessories, organizing the stock room, and supervising employees during the manager's absence. Marquez began harassing Torres that December when she was taking a break from her employment at Journeys, by asking her for dates and kisses. The harassment continued when Torres returned to her work at Journeys. In January of 2008, Marquez's behavior worsened, and he began physically harassing Torres. On January 9th, he grabbed her and touched her buttocks, bit her shoulder, and bit her leg. Torres left her shift at Journeys to report this behavior shortly after it occurred to a manager of another Journeys store, Sean Oakley. On returning to work, Marquez instructed Torres to go to the stock room, where he cornered her as she was standing on a ladder and bit her buttocks.

Over the next two or three days, Torres mentioned Marquez' behavior to another part-time sales associate, Jienna Duran, who discussed it with Reyes,[2] and Torres' mother called the store manager, Benjamin Reyes, to complain about Marquez' behavior. On January 12, an investigation into the allegations against Marquez was undertaken by Reyes, Genesco's district manager, Chris Cavnar, and Lori Keys, Genesco's Human Resources Representative. Reyes approached Torres to inquire about the harassment. After this conversation, Marquez came up behind her and bit her on the shoulder again. At the end of that day, January 12, Marquez was asked by Reyes to file a statement in response to the allegations against him. Rather than file this statement, he handed Reyes his keys to the store and resigned his employment with Journeys.

Genesco's anti-harassment policy informs employees that they are not required to report harassment to their supervisor or discuss it with the alleged harasser, but may call or send a letter or an email to the company in Nashville:

---

[2] The timing of Reyes' discussion with Duran is disputed. The EEOC alleges that it happened prior to January 9th, sometime in December 2007.

> Genesco requires individuals report incidents of illegal harassment and provides avenues by which individuals can report complaints of illegal harassment. Genesco strongly encourages reporting of all perceived incidents of illegal harassment, regardless of who the alleged offender may be. An individual who believes he or she is the victim of illegal harassment or who witnesses illegal harassment of others should immediately discuss his or her concerns with his or her supervisor. *If the employee does not feel comfortable discussing the situation with his or her supervisor* or is not satisfied with the action taken by the supervisor, the employee should contact the Human Resources Department, Suite 264, Post Office Box 731, Nashville, Tennessee 37202-0731, or at (615) 367-7697 or via email at respect@genesco.com. *An individual is not required to discuss the concern with the alleged harasser. An individual is not required to discuss the concern with his or her immediate supervisor.*

Def.'s Fact # 5. Despite having signed a copy of this policy when she began working at Journeys, Torres did not know who was identified to receive reports of harassment for the company. Torres did not file a complaint in accordance with the procedure set forth in the official policy.

## LEGAL STANDARD

Summary judgment is only appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; it may not rest on mere allegations or denials in its own pleadings. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. *Id.* at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. *Id.* at 252.

**DISCUSSION**

**I.     EEOC's Claims**

Sexual harassment is actionable under a hostile work environment theory when the harassing conduct is sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Lockard v. Pizza Hut, Inc*., 162 F.3d 1062, 1071 (10th Cir. 1998). In addition to establishing a hostile work environment, a plaintiff must also identify a basis for holding the employer liable under Title VII for sexual harassment committed by its employees. *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007). One method is the doctrine of vicarious liability. The Supreme Court has held that an employer may be held vicariously liable for sexual harassment committed by a "supervisor." *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). An employer is vicariously liable if a supervisor takes a tangible employment action against the victimized employee. *Id.* at 807-08; *Ellerth*, 524 U.S. at 760. If, however, no tangible employment action was taken against the employee, an employer may assert an affirmative defense to vicarious liability if it can prove two elements: (1) "the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior"; and (2) the plaintiff "unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher*, 524 U.S. at 807; *Ellerth*, 524 U.S. at 765. This is commonly known as the *Faragher-Ellerth* defense.

The recognition of vicarious liability for harassment by a supervisor, however, leaves intact preexisting bases for employer liability under Title VII. The negligence theory of liability is still alive and well after *Ellerth* and *Faragher*, for harassment committed by either supervisors or other employees. *See Wilson v. Tulsa Junior Coll.*, 164 F.3d 534, 540 n.4 (10th Cir. 1998); *cf. Ellerth*, 524 U.S. at 759 (noting that negligence "sets a minimum standard for employer liability

under Title VII," differing from the "more stringent standard of vicarious liability"). Under a negligence theory, an employer may be liable if it was negligent or reckless in failing to remedy or prevent a hostile work environment of which management-level employees knew or in the exercise of reasonable care should have known. *Jeffries v. Kansas*, 147 F.3d 1220 (10th Cir. 1998); *Hirschfeld v. N.M. Corr. Dep't*, 916 F.2d 572, 576-77 (10th Cir. 1990).

### A.    Vicarious Liability

Because neither party disputes that Marquez was Torres' supervisor during the relevant time period, Genesco can be held vicariously liable for his harassment. 524 U.S. at 807; *Ellerth*, 524 U.S. at 765. However, the EEOC does not argue that any tangible employment action was taken against Torres, so Genesco is entitled to an affirmative defense if it can show: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher*, 524 U.S. at 807. The burden is on the defendant to establish this defense by a preponderance of the evidence. *Id.* With regard to the first element of this defense, the decision in the Court's Memorandum Opinion and Order Denying Genesco's Motion for Summary Judgment on Exhaustion Issues and Granting Motion on Maria Martinez' Claims of Sexual Harassment Under Title VII (Doc. 149) is equally applicable to the EEOC's claims brought on behalf of Torres. The Court hereby adopts that analysis by reference, and finds that Genesco has satisfied the first element of the defense as a matter of law. *See id.* at 13-16; Def.'s Facts # 1-11 (Doc. 98 at 2-4).

The Court found that Genesco has satisfied the second element of the defense with regard to Martinez' claim as well. *See* Doc. 149 at 17. "[W]hile proof that an employee failed to fulfill the corresponding obligation of reasonable care to avoid harm is not limited to showing any

unreasonable failure to use any complaint procedure provided by the employer, a demonstration of such failure will normally suffice to satisfy the employer's burden under the second element of the defense." *Ellerth*, 524 U.S. at 765. Here, it is undisputed that Torres did not follow the complaint procedures set forth in Genesco's sexual harassment policy. Def.'s Facts # 15-16 (Doc. 98 at 5).

In response to the instant motion, the EEOC argues that the complaints Torres made on January 9 through 12 defeat the application of this defense. This argument misses the point. The purpose of a complaint procedure is so when sexual harassment comes to the employer's attention, it can act to remedy that harassment. The purpose of allowing an employer this defense is to recognize that if an employee does not complain, the employer cannot be expected to remedy harassment it does not know about. Here, Genesco did remedy harassment it discovered on January 9 through 12 by beginning an investigation on January 12. Genesco therefore cannot be vicariously liable for Marquez' harassment of Torres and is entitled to summary judgment on this issue.

### B. Negligence

The EEOC asserts that rather than pursuing a vicarious liability theory, it seeks to hold Genesco liable for its own negligence in responding to the hostile work environment at Journeys. To prevail on a negligence theory, a plaintiff must establish, among other things, that his or her employer "had actual or constructive knowledge of the hostile work environment but did not adequately respond to notice of the harassment." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 673 (10th Cir. 1988) (internal quotation marks omitted). A plaintiff demonstrates actual employer knowledge where the plaintiff has reported harassment to management-level employees. *Ford v. West*, 222 F.3d 767 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 673). An employer may be deemed to have constructive knowledge of harassment where the

pervasiveness of the harassment supports an inference of employer knowledge. *Id*. As part of a prima facie case of negligence, the burden is on the plaintiff to establish notice.

The EEOC bases its argument of notice on evidence that: Victoria Silva, co-worker Jienna Duran, and Torres all reported Marquez' actions to Reyes; the manager of another Journeys store, Oakley, knew of Torres' complaint to him and the complaints of other females in the workplace about Marquez' conduct; Oakley reported Torres' harassment and biting by Marquez to both store manager Reyes and district manager Cavnar; Oakley had previously told Reyes other girls were also uncomfortable around Marquez; and Cavnar knew or should have known of Marquez' harassment or the existence of a hostile work environment for women at Journeys store because Cavnar was in the store frequently, Cavnar had warned both Marquez and Reyes about the overly flirtatious behavior, and Oakley testified that he told Cavnar about Torres' first complaint. Doc. 119 at 5. At most, this evidence shows that Genesco had notice of Marquez' harassment on January 9, 2008. Since he resigned three days later in lieu of responding to Torres' allegations, Genesco cannot be held liable for failing to reasonably respond to these complaints.

The "evidence" concerning knowledge on the part of the district manager, Cavnar, has already been found by this Court to constitute insufficient notice. *See* Doc. 149 at 18. That analysis is hereby adopted by reference. Genesco was not on notice of the hostile work environment at Journeys imposed on Torres by Marquez' sexual harassment simply because Cavnar was in the store and observed employees "flirting" with customers. *Id.* The Court has also rejected the EEOC's argument that Silva's alleged complaint to Reyes concerning Marquez put Genesco on notice that sexual harassment was occurring at Journeys. Doc. 150 at 13-14.

Torres herself never reported these allegations to Reyes before January 12. Def.'s Fact # 18; EEOC's Fact # 72. Jienna Duran apparently first informed Reyes that Marquez "creeped her

9

out" and "bothered her." EEOC Fact # 53 (Doc. 115 at 8); EEOC Ex. 15, Reyes Dep. at 120:24-121:1 (Doc. 115-19 at 10). In response, Reyes tried to schedule her apart from Marquez. Reyes Dep. at 121:2-5. The timing of this discussion is unclear, but this "complaint" is rejected as notice of sexual harassment for the same reason Silva's complaint was rejected. *See* Doc. 150 at 13-14. Later, Duran apparently had another discussion with Reyes during which she told Reyes that Marquez had "done something" to Torres. Reyes Dep. at 129:23-24. Reyes does not remember exactly when Duran said this to him. *Id.* at 130:22-23. The EEOC asserts, without any evidence, that this communication was made in "about December, 2007." Doc. 119 at 9 (citing to EEOC Fact # 63, which in turn cites only to Reyes' deposition passages described above). On the other hand, Genesco cites to passages in Reyes' deposition from which the reasonable inference is that Duran had made this complaint to Reyes on "Friday the 11th," the day before Marquez resigned and Reyes prepared a statement about the allegations of harassment on the 12th. Def.'s Ex. 2 to Punitive Damages Reply Brief, Reyes Dep. at 144:13-19 (Doc. 136-2 at 2). Thus, EEOC's contention that Duran's complaint occurred in December is unsupported by the record.

The EEOC also relies on Reyes' testimony that he saw Marquez give Torres a hug in the store in December. Reyes Dep. at 134:4-136:14. Reyes apparently responded to this incident by telling Marquez to stop. *Id.* at 136:19-20. "The test is whether the employer's response to each incident of harassment is proportional to the incident and reasonably calculated to end the harassment and prevent future harassing behavior." *Scarberry v. Exxonmobil Oil Corp.*, 328 F.3d 1255, 1259-60 (10th Cir. 2003). One incident of an employee hugging another employee does not put an employer on notice of a hostile work environment, and Reyes' response to the situation was reasonable.

The circumstances surrounding Oakley, the manager of Journeyz Kids, another store

10

owned by Genesco in the same mall, also demonstrate that no management-level employee of Genesco had notice of the sexual harassment before January 9. EEOC asserts that Oakley reported the harassment and biting to Reyes and Cavnar, which is true. However, he did not learn of these incidents until Torres went to discuss them with him on January 9. Def.'s Fact #14; EEOC Fact # 67. The most that Oakley was aware of prior to this date was that female employees were "uncomfortable" around Marquez. Oakley Dep. at 68:8-9 (Doc. 115-18 at 5). Again, discomfort in the presence of a male employee cannot be equated with actionable sexual harassment.

The Court is frankly incredulous that the EEOC would argue that the three days between Torres' complaints to Oakley and the beginning of Reyes' investigation and Marquez' resignation renders Genesco liable for negligence in responding to the hostile work environment at Journeys. Once Reyes was informed by Duran, Oakley, and Torres' mother of the harassment, he took *immediate* action by informing Cavnar, preparing a written statement, and asking Marquez to come in and give a statement over the course of January 11th to 12th. And to the extent that Reyes or other management-level employees knew of problems with Marquez' behavior prior to January 9th, their response was proportional to the incidents of which they were made aware and reasonably calculated to deter future incidents of a similar kind. Reyes' subjective motivations for not taking further steps against Marquez prior to January 11 are irrelevant where the steps he did take were adequate. *Cf.* EEOC Fact # 60 (alleging that Reyes did not give Marquez a written or final warning in December because Reyes selfishly did not want to be without an assistant manager).

Therefore, the hostile work environment claim EEOC brings against Genesco on behalf of Torres must be dismissed because Genesco cannot be held liable on a vicarious liability theory or a negligence theory.

11

**II.     Plaintiff-in-Intervention's Claims**

   **A.     NMHRA**

The Intervenor Complaint brings a claim for hostile work environment in violation of Title VII and the NMHRA. The hostile work environment claim arising under Title VII will be dismissed for the reasons explained above. As for the NMHRA claim, the standard for discrimination claims looks to federal law for guidance, *see Ocana v. Am. Furniture Co.*, 91 P.3d 58, 69 (N.M. 2004), and Torres does not argue otherwise. *See* Doc. 114 (not addressing the hostile work environment claim). Therefore, summary judgment on the NMHRA claim in Count I of the Intervenor Complaint will be granted for the same reasons as with the Title VII claim.

   **B.     Negligent Supervision and Retention**

The proper standard for determining an employer's liability for negligent supervision or retention of an employee is whether the employer knew or reasonably should have known that some harm might be caused by the acts or omissions of the employee. *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 73 (N.M. 2004). Here, Torres relies on various incidents she claims should have made Genesco aware of Marquez' potential to cause harm to female employees prior to January 12: Silva's complaint to Reyes that Marquez was creepy (EEOC Facts # 50-53); Martinez' complaint to Reyes that Cavnar made daily comments about women's sales that were degrading to women and made her uncomfortable (EEOC Fact # 47); and complaints to Oakley from unspecified employees that Marquez made them uncomfortable (EEOC Fact # 70). Doc. 114 at 4-5. However, no reasonable juror could find that Genesco "should have known" that Marquez was sexually assaulting and battering Torres on the basis of these incidents. First of all, Martinez' complaint does not even have anything to do with Marquez. Second, complaints that Marquez made females "uncomfortable" or that female employees thought he was "creepy"

simply do not show that Marquez had a propensity to commit sexual assault or battery.

In *Chavez v. Thomas & Betts Corp.*, the Tenth Circuit found sufficient evidence supported a claim for negligent supervision and retention where the "[p]laintiff repeatedly complained of [the] harassment to T & B management to no avail," "[p]laintiff complained to . . . a T & B production supervisor[] that [the harasser] pulled open her shirt exposing her chest and bra," and where the company had been warned "in a memorandum that [the harasser] posed a 'major' and 'detrimental' situation to the company and that [his] behavior was 'unruly,' 'unacceptable,' and negatively effected [sic] other employees," and that the behavior had been "ongoing." 396 F.3d 1088, 1099 (10th Cir. 2005), *overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006). The seriousness of these incidents of which the company had notice, plus the frequency with which the plaintiff in that case complained of the incidents, distinguishes *Thomas & Betts Corp.* from the instant case. Here, Genesco could not have known that Marquez had a propensity to commit sexual assault and battery simply because it had notice that female employees did not like being around him.

Lastly, Torres argues that Genesco's response to the situation was inadequate and thus renders it liable for negligence. Logically, however, the company's actions it took after the time Marquez was being employed, supervised, and retained by the company do not bear on claims of negligent supervision or retention. Therefore, summary judgment on Torres' claims of negligent supervision and retention must be granted.

## CONCLUSION

Genesco is not liable for the claims brought by Plaintiff-in-Intervention, Lauren Torres, alleging that Torres was subject to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Mexico Human Rights Act ("NMHRA"); the claims the EEOC brings on behalf of Lauren Torres alleging hostile work environment in

violation of Title VII; or the claims brought by Plaintiff-in-Intervention alleging negligent supervision and retention. The undisputed facts show that when Genesco was put on notice of Marquez' sexual harassment, assault, and battery, it began a prompt investigation which culminated in Marquez' immediate resignation. There is simply no legal basis for holding Genesco liable for hostile work environment or negligence. The hostile work environment claim the EEOC brings on behalf of Torres and Counts I and III of the Intervenor Complaint are dismissed.

**THEREFORE, IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment on Plaintiffs' Claims of Hostile Work Environment Regarding Lauren Torres and of Negligent Supervision and Retention (Doc. 98) is GRANTED.

UNITED STATES DISTRICT JUDGE