# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

  v.                                          No.  09-CV-952 WJ/RHS

GENESCO, INC., d/b/a JOURNEYS,

       Defendant,

   and

LAUREN TORRES,

       Plaintiff-in-Intervention,

  v.

GENESCO, INC., d/b/a JOURNEYS,

       Defendant.

## MEMORANDUM OPINION AND ORDER DENYING SUMMARY JUDGMENT ON RETALIATION CLAIMS

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment Regarding Plaintiffs' Retaliation Claims (Doc. 92) and Defendant's Partial Motion for Summary Judgment Regarding Punitive Damages (Doc. 99). Defendant Genesco, Inc. ("Genesco") moves for summary judgment on: (1) the claims brought by Plaintiff-in-Intervention, Lauren Torres alleging that Torres experienced retaliation for making a protected complaint of discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Mexico Human Rights Act ("NMHRA"); (2) the claims the EEOC brings on behalf of Lauren Torres

alleging retaliation in violation of Title VII; and (3) the claim for punitive damages brought by Torres and the EEOC. For the reasons explained below, the Court finds that the motion is not well taken and shall be denied.

## BACKGROUND

### I.     Procedural History

The Equal Employment Opportunity Commission ("EEOC") brings this Title VII lawsuit against Defendant Genesco, a Tennessee corporation doing business in New Mexico, on behalf of female employees of Defendant alleging retaliation and hostile work environment based on gender. Lauren Torres was the only named employee class member in the original complaint (Doc. 1). Victoria Silva was added as a class member in the EEOC's Amended Complaint (Doc. 12). In discovery, the EEOC disclosed Maria Martinez and Cassandra Brito as additional "class members." The EEOC has since withdrawn its designation of Brito as a putative class member. The Court has dismissed claims the brought on behalf of Maria Martinez (Doc. 149) and Victoria Silva (Doc. 150), because there was no dispute of material fact as to whether Genesco can be held liable for the hostile work environment created by its employees. As a result, Torres is the only remaining member of the class of female employees in this lawsuit. The Court has granted summary judgment for Genesco on the hostile work environment claims brought on Torres' behalf (Doc. 151). In the instant motion, Genesco moves for summary judgment on the EEOC's retaliation claims brought on Torres' behalf.

Torres filed an Intervenor Complaint on April 16, 2010 (Doc. 34). In her complaint, Torres alleges that she was sexually harassed by a supervisor, Adrian Marquez, in December 2007 and January 2008 during the course of her employment with Genesco. The Court has dismissed Counts IV though VII of the complaint-in-intervention (Doc. 148) because Genesco

cannot be held liable for the intentional torts of its employee, Marquez, as well as Count I (hostile work environment in violation of Title VII and NMHRA) and Count III (negligent supervision and retention). Genesco now moves for summary judgment on the remaining claim, Count II (retaliation in violation of Title VII and NMHRA).

Genesco argues that Torres was not subject to retaliation because the allegedly retaliatory acts in question do not amount to retaliation as a matter of law, and alternatively, Genesco has a nondiscriminatory justification for the allegedly retaliatory acts. The EEOC contends that a reasonable juror could find that the acts in question were retaliatory, and that there are material questions of fact relating to whether Genesco's justifications are pretextual, and that Genesco's motion must be denied. Genesco also argues that the evidence, viewed in the light most favorable to Torres and the EEOC, does not support punitive damages.

**II.     Factual History**

For the purposes of this motion, the undisputed material facts are as follows. Lauren Torres began working in December 2007 at Journeys, a retail shoe store owned by Genesco. Adrian Marquez was a co-manager of this store, whose duties included selling shoes and accessories, organizing the stock room, and supervising employees during the manager's absence. Marquez began harassing Torres that December when she was taking a break from her employment at Journeys, by asking her for dates and kisses. The harassment continued when Torres returned to her work at Journeys. In January of 2008, Marquez's behavior worsened, and he began physically harassing Torres. On January 9th, he grabbed her and touched her buttocks, bit her shoulder, and bit her leg. Torres left her shift at Journeys to report this behavior shortly after it occurred to a manager of another Journeys store, Sean Oakley. On returning to work, Marquez instructed Torres to go to the stock room, where he cornered her as she was standing on

3

a ladder and bit her buttocks. On January 12, Reyes approached Torres to inquire about the harassment. After this conversation, Marquez came up behind Torres and bit her on the shoulder again. At the end of that day, January 12, Marquez was asked by Reyes to file a statement in response to the allegations against him. Rather than file this statement, he handed Reyes his keys to the store and resigned his employment with Journeys.

After Torres complained of the harassment on January 9, her work hours were decreased by a total of 213.15 hours. The EEOC arrived at this calculation by comparing the averages of the number of hours that Torres worked per week before and after she complained of the harassment. That is, her hours were reduced from 14.5 to 7.15 hours per week for a period of 29 weeks. For at least one week, Torres was scheduled for only three hours and several other part-time employees with less seniority than her were also scheduled for as many hours or fewer. Reyes stated to Torres that he had been instructed by the district manager, Chris Cavnar, to decrease sales associates' hours to train employees for the new Genesco shoe store that was about to open at that time. November, December, and August are typically the highest sales months for Journeys. The number of hours that part-time employees worked at the Journeys store fluctuated based on a productivity model that calculated a number of employee hours based on the store's sales during the same week of the year during the previous year. Sales at the Journeys store in question decreased from $124,635 in December 2007 to $80,816 in January 2008.

During and after the complaints of Marquez' harassment of Torres, Reyes made comments to Torres indicating that he blamed her for losing his assistant manager, blamed her for the inconvenience this loss would have on his personal life, and blamed her for his feelings of inadequacy as a manager. Reyes asked Torres whether she wanted to continue working at

Journeys, suggested she leave, and asked her if she wanted to transfer to a new store that would be opening. These comments started in February and persisted through April.

In a meeting with all employees on February 10, 2008, in response to a question about the dress code, Reyes stated he did not want any more "HR problems to deal with." EEOC Ex. 17, Torres Dep. 210:5-12, 211:6-8 (Doc. 115-21 at 11). Reyes was looking at Torres as he made this statement. At another meeting with all employees present, Reyes was discussing sexual harassment when manager Alec Ferguson made the statement "You ladies like to tell on us." Ex. 15, Reyes Dep. 180:15-24 (Doc. 115-19 at 15); Torres Dep. at 213:6-9. Torres had never talked or complained to Ferguson about Marquez' harassment. However, Ferguson appeared to know about Torres' complaint of sexual harassment because he cracked jokes about what happened to Marquez in Torres' presence. Torres Dep. 213:25-214:8.[1]

## LEGAL STANDARD

Summary judgment is only appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; it may not rest on mere allegations or denials in its own pleadings. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986). In order

---

[1] The facts in this paragraph and the preceding paragraph are taken from the EEOC's statement of facts (Doc. 115) and referred to in its response (Doc. 122); however, Genesco does not contest them in its reply brief (Doc. 139).

to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. *Id.* at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. *Id.* at 252.

## DISCUSSION

In the absence of direct evidence of retaliation, a plaintiff must rely on the three-part *McDonnell Douglas* framework to prevail under Title VII. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1225-26 (10th Cir. 2008). Under this framework, a plaintiff must first establish a prima facie case of retaliation. If the plaintiff makes this showing, the defendant must proffer a legitimate, nondiscriminatory reason for the retaliatory actions. The plaintiff then has the burden of demonstrating that the defendant's asserted reasons for the actions are pretextual. *Fye*, 516 F.3d at 1227.

## I.     Prima Facie Case

To establish a prima facie claim for retaliation, the EEOC must show that: (1) Torres engaged in protected opposition to discrimination; (2) Torres suffered actions that are materially adverse such that a reasonable worker could well be dissuaded from making or supporting a charge of discrimination; and (3) a causal connection exists between Torres's protected activity and Genesco's actions. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006); *Semsroth v. City of Wichita*, 555 F.3d 1182, 1184 (10th Cir. 2009). An employer's actions are "materially adverse" if they are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 68. "[T]he test for determining whether an action would have been considered material by an employee is an objective test, asking how a reasonable employee would have interpreted or responded to the action." *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1213 (10th Cir. 2008).

6

**A.      Reduction in Work Hours**

Genesco challenges the EEOC's calculations of reduced work hours as "materially adverse" because the calculations did not take into account variances in sales, fluctuations in the need for hours from part-time employees, the number of other employees in the store, the hours that Torres was unable to work, the number of hours she was asked to work, and whether her hours were already trending down before she complained of harassment. Genesco asserts that the reduction of hours therefore cannot support a prima facie case of retaliation. This is clearly incorrect. These arguments belong under the second step of the *McDonnell Douglas* test. With regard to the first step of the test, the EEOC has set forth evidence of a prima facie case of retaliation because Torres' work hours were reduced after she made a protected complaint of discrimination.

Torres testified that, normally, hours for part-time employees were based on seniority. Def.'s Ex. A, Torres Dep. at 225:15-23. For the week of February 3 to February 9, Torres was only scheduled to work three hours instead of her usual six to nine. *Id.* at 224:12-25. Other employees who had less seniority than Torres were also scheduled for three hours or no hours. *Id.* at 226-229. This example of drastically cutting Torres' hours a few weeks after she complained of discrimination supports the inference that Torres' hours were reduced as retaliation for filing that complaint. The EEOC's evidence that, beginning in February 2008, the month after she made the complaint against Marquez, Torres worked 7.35 hours less per week also supports that inference. This case is thus distinguishable from those Genesco cites in which small or regular fluctuations in hours were not found to be materially adverse. *See, e.g.*, *Evans-Gadsden v. Bernstein Litowitz Berger & Grossman, LLP*, 491 F. Supp. 2d 386, 400 (S.D.N.Y. 2007).

7

### B.      Manager Statements

Genesco contends that Reyes' statements toward Torres after her complaint and the statements made by Reyes and Ferguson at the staff meetings do not constitute material adverse actions. Genesco cites cases in support of its motion that indicate that giving an employee the "silent treatment" or "cold shoulder" is not materially adverse. *See, e.g*, *Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1216 (10th Cir. 2010). Genesco's efforts to equate "silent treatment" with the affirmative statements in this case are unpersuasive. Viewed in the light most favorable to the EEOC, Reyes made remarks blaming Torres for the incident with Marquez and accused her in front of the rest of the stores' employees of causing "HR problems." Similarly, Ferguson's statement to the effect that "You ladies like to tell on us" is an affirmative remark that cannot be equated with "silent treatment." This conduct also goes beyond the "lack of good manners" that the *Burlington* Court noted will not suffice to show a materially adverse action. 549 U.S. at 68.

Torres testified that Ferguson had knowledge of the circumstances surrounding Marquez' resignation because Ferguson would joke about it. This is a reasonable inference to draw. Therefore, the EEOC has shown a causal connection between Ferguson's statement and her protected complaint of discrimination. This is enough to avoid summary judgment.

## II.    Pretext

Once an employee establishes a prima facie case of retaliation, the burden shifts to the employer to articulate legitimate nondiscriminatory reasons for the retaliatory actions. The plaintiff may then avoid summary judgment by providing evidence of pretext. Pretext can be shown by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *EEOC v. Horizon/CMS Healthcare*

*Corp.*, 220 F.3d 1184, 1198 (10th Cir. 2000) (internal quotation marks omitted). Evidence of pretext should be viewed in the aggregate. *Id.* at 1200.

Genesco's legitimate, nondiscriminatory reasons for reducing Torres' work hours focus on variances in sales, fluctuations in the need for hours from part-time employees, the number of other employees in the store, the hours that Torres was unable to work, the number of hours she was asked to work, and whether her hours were already trending down before she complained of harassment.

As evidence of pretext, the EEOC argues that Genesco's explanations for the reduced work hours have "shifted" over the course of time. First, Reyes told Torres when she inquired why she had such few hours that all employees' hours were reduced so that Genesco could train employees in anticipation of opening of a new store in the mall. Reyes later testified in his deposition that he reduced Torres' hours because her attitude changed and she was not as energetic and friendly with customers. Genesco, in litigation, has argued that other employees had their hours reduced similarly to Torres and that all employee hours were reduced due to decreased sales after the holiday season.

The EEOC points out that these reasons are not necessarily credible on their face. First of all, several employees had their hours *increased* in February 2008, just before the March opening of the new store. EEOC Facts # 132-133 (Doc. 115 at 17) (citing EEOC Ex. 7). This would tend to weaken, if not outright disprove, Genesco's explanations which focus on employee hours being reduced across the board. With regard to the one reason Genesco has asserted to explain why Torres' hours specifically were reduced, the EEOC points out that Genesco has a progressive discipline policy for employees with poor job performance, and there is no discipline record reflecting Reyes' concern with Torres' performance. The Court agrees

9

that a reasonable factfinder could find Genesco's reasons implausible and pretextual, especially viewed in conjunction with the negative comments from Reyes and Ferguson to which Torres was subjected and for which Genesco has asserted no legitimate employment-related justification. Genesco's motion for summary judgment is denied.

**II.     Plaintiff-in-Intervention's Claims**

The Intervenor Complaint brings a claim for retaliation in violation of Title VII and the NMHRA. The hostile work environment claim arising under Title VII survives summary judgment for the reasons explained above. As for the NMHRA claim, state law for discrimination claims looks to federal law for guidance, *see Ocana v. Am. Furniture Co.*, 91 P.3d 58, 69 (N.M. 2004). Therefore, summary judgment on the NMHRA claim in Count I of the Intervenor Complaint will be denied for the same reasons as with the Title VII claim.

**III.     Punitive Damages**

Genesco also moves for summary judgment on the punitive damages claim asserted by Torres and the EEOC. The argument in this motion addresses the claims of hostile work environment and defends the propriety of Genesco's reaction to the complaints of Torres, Martinez, and Silva concerning harassment at Journeys, as well as Torres' claims arising under the NMHRA and negligence. Those claims have all been dismissed from this lawsuit (Docs. 148-151). The motion must be denied, however, because the EEOC's retaliation claim survives summary judgment, and punitive damages are alleged in both complaints for this claim. The motion does not concern the allegedly retaliatory conduct and whether that conduct supports an inference that the retaliation was intentional and that Reyes and Ferguson "acted in the face of a perceived risk that [their] actions would violate federal law." *Cf. Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1278 (10th Cir. 2008). Genesco is therefore not entitled to summary

10

judgment on the punitive damages claim for retaliation under Title VII on the grounds it raises in this motion.

   **THEREFORE, IT IS ORDERED** that Defendant's Motion for Summary Judgment Regarding Plaintiffs' Retaliation Claims (Doc. 92) and Defendant's Partial Motion for Summary Judgment Regarding Punitive Damages (Doc. 99) are hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE